Hardin, P. J.
Appellant claims an error was committed upon the trial in allowing a conversation to be given in evidence which was held between the plaintiff and one-Potts. It appeared by competent evidence that Potts was-one of the directors of defendant, and the by-laws provided for an executive committee '“to have the full power of the board to manage and direct the business and affairs of the company in such manner as it shall deem best for its interests in all cases in which special direction, shall not have been given by the full board.”
It also appeared that Potts was a member of the executive-committee, and that after the plaintiff had been appointed engineer in chief he was notified of that fact by Potts.
We think it was competent to prove by plaintiff that he-received that notice from Potts, and Potts entered into an engagement with the plaintiff that he should commence and continue in the discharge of his duties as engineer in chief. It appeared that the company knew of such services and acquiesced in their performance by plaintiff. The directors, and especially the president (Judge Low), visited the works during their progress, and saw and knew of the engagement and occupation of the plaintiff in the performance of his duties as such servant of the defendant.
The case does not show that it contains all the evidence given upon the trial. We must, therefore, assume that sufficient evidence was given to sustain the findings of fact *355 made by the trial judge. Spence v. Chambers, 39 Hun, 193.
We think the conclusion of law based upon the facts found is correct.
We are satisfied with the opinion of Mr. Justice Williams upon the merits, and with the result reached by him. See 32 Hun, 38; 102 1<!. Y., 193; 11ST. Y. State Rep., 403. Judgment affirmed, with costs.
Martin, J., concurs; Follett, J., concurs in result.